UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOANNE TSIATIS,

                        Plaintiff,

           -against-

THE CITY OF NEW YORK, DETECTIVE
MICHAEL AVERY SHIELD # 101, DETECTIVE
MICHAEL DiMEGLIO SHIELD # 5174 and
SERGEANT FIORELLO SHIELD # 1495 all are
sued herein in their official and individual
capacities,

                        Defendants.

------------------------------------------------------------X

14 cv 8726 Cote, Judge

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

        Plaintiff JOANNE TSIATIS, by her attorneys, The Law Office of FRED

LICHTMACHER, P.C. and the law firm of HALPERIN & HALPERIN, P.C., complaining of the

Defendants herein, respectfully alleges as follows:

## JURISDICTION

        1      Jurisdiction is founded upon the existence of a Federal Question.

        2      This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom, or usage of  rights, privileges, and immunities secured to Plaintiff by the Fourth

and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983

as well as pursuant to the common law and statutes of the State of New York.

        3      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (3 & 4).

        4      Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1).

        5      This Court has jurisdiction to hear Plaintiff's state claims pursuant to 28

U.S.C. § 1367.

## PARTIES

6       Plaintiff JOANNE TSIATIS is a resident of the County of Queens in the State of New York.

7       Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.

8       Defendants DETECTIVE MICHAEL AVERY SHIELD # 101,  DETECTIVE MICHAEL DiMEGLIO SHIELD # 5174 and SERGEANT FIORELLO SHIELD # 1495 were at all times relevant duly appointed and acting as Police Officers employed by the New York City Police Department and assigned to Queens Narcotics North and these Defendants are liable for directly participating in the events underlying this suit, as well as for not intervening to prevent or end the misconduct to which Ms. Tsiatis was subjected to by their fellow Defendants.

9       Pursuant to §431 of its Charter, Defendant CITY OF NEW YORK has established and maintains the New York City Police Department as a constituent department or agency and at all times relevant, the City of New York employed the Defendants, Detectives Avery and DiMeglio, as members of the New York City Police Department.

10      Defendants Detective Avery, Detective DiMeglio and Sergeant Fiorello were all acting in their capacity as individuals, and they were at all times relevant duly appointed and acting as employees of the New York City Police Department.

11      Defendants Detective Avery, Detective DiMeglio and Sergeant Fiorello are liable for directly participating and/or failing to intervene to prevent the acts described herein and are sued in their official and individual capacities.

-2-

12      Each and all of the acts of the Defendants alleged herein with respect to the violations of Plaintiff's rights were committed by the Defendants, acting as state actors acting under the color of law.

13      Plaintiff's Notice of Claim was served on the Comptroller for the City of New York on or about February 7, 2014; more than thirty days have elapsed since service was completed; and as of this date, Plaintiff's demand for payment has not yet been addressed by Defendant CITY OF NEW YORK.

14      The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose; and Plaintiff's federal claims are brought in a timely manner, within three years of the date they accrued.

15      The Plaintiff appeared at a 50-h hearing on October 30, 2014.

16      Defendant CITY OF NEW YORK is vicariously liable to the Plaintiff for the individual Defendants' common law torts via the principle of *respondeat superior*.

17      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## NATURE OF THE CLAIM

18      Plaintiff JOANNE TSIATIS, a diminutive middle aged woman who had undergone a double mastectomy in October of 2013 and who had recently commenced bilateral breast reconstruction surgery, was subjected to excessive force due to the acts and failure to act by Detective Avery, Detective DiMeglio and Sergeant Fiorello on January 4, 2014 at shortly after 4:00 in Fresh Meadows, New York.

19      The incident began when Plaintiff heard noise outside of her residence on the second floor of her home at 53-44 198th Street in Fresh Meadows, New York 11365.

20      Plaintiff looked out the window and observed her nephew being arrested by plain clothes officers three of whom were Defendants Detective Avery, Detective DiMeglio and Sergeant Fiorello at which point the officers ordered her to come downstairs to the first floor apartment.

21      Plaintiff, who was wearing pajamas while still recovering from a double mastectomy and bilateral breast reconstructive surgery secondary to a diagnosis of early stage breast cancer, complied with the direction of the officers, and came downstairs to the first floor apartment dressed in her pajamas.

22      In the first floor apartment Detective Avery, Detective DiMeglio and Sergeant Fiorello were walking about the house engaged in searching the premises where Plaintiff's brother's family resides.

23      Plaintiff inquired if they had a warrant to which one Defendant replied, "You have no business here, get the fuck upstairs."

24      Plaintiff replied, in sum and substance, "it's a valid question; I'm going to call my brother in law to see what the proper procedure is; he's a retired Detective," and she began repeatedly asking the officers for their names and shield numbers.

25      At this point, Defendant Detective Avery grabbed Plaintiff by the neck and forced her right arm painfully behind her back and high in the air.

26      This was particularly painful and harmful to Plaintiff who was then unable to raise her arms, even to dress, as she was still recovering from a double mastectomy and was in the midst of undergoing breast reconstruction surgery.

27      Defendant Detective Avery then threw Plaintiff onto a couch and subsequently threw her to the floor.

-4-

28      After throwing Plaintiff on the floor, Defendant Detective Avery, a male who is approximately a foot taller than Plaintiff and over 100 pounds heavier then her, sat on her back, forcing the front of her body against the floor.

29      Plaintiff screamed in pain, and the Defendants Detective Avery, Detective DiMeglio and Sergeant Fiorello were explicitly informed by Plaintiff and by her sister in law, that Plaintiff was recovering from surgery.   Nevertheless Defendant Detective Avery continued his abusive restraint of Plaintiff by sitting on her for approximately ten minutes while she screamed in agony.

30      Defendant Detective DiMeglio threatened repeatedly to arrest Plaintiff, but ultimately left without having her arrested.

31      After the Defendants left, Plaintiff sought emergency medical treatment.

32      Ultimately, Plaintiff was found to have been seriously injured, and was required to undergo five further surgical procedures to repair the damage to her reconstructed breasts, but the breast reconstruction eventually failed due to the trauma inflicted upon her; she missed weeks of work; she had and still has severe shoulder problems with her right (dominant side) shoulder which has been unsuccessfully treated with physical therapy (until her insurance coverage ran out), and may ultimately require surgical reconstruction of her right shoulder; she has been prescribed medications for pain; she sees a therapist for post traumatic stress disorder; she is scared the police will return to her house; and she is in too much pain and too traumatized from her experience to undergo further efforts to complete the reconstruction of her breasts secondary to the trauma committed by defendants as is stated above.

33      Plaintiff is now required to wear a prosthetic device because of the failure of her breast reconstruction secondary to the trauma committed by Defendants as is stated above.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
## VIA EXCESSIVE AND UNREASONABLE FORCE

34    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35    Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the Defendants by reason of the use of excessive and unreasonable force.

36    Defendant Detective Avery who physically abused Plaintiff, had no legal justification in using any force, much less the unreasonable, excessive, prolonged and malicious force he used against her and in so doing, he violated her Fourth Amendment rights.

37    At no time did Detective Meglio, or Sergeant Fiorello, who were not themselves using force against Plaintiff, intervene to prevent or end the misconduct to which she was being subjected, despite being aware of Plaintiff's ordeal, and despite having a reasonable opportunity to intervene and to prevent it from continuing.

38    As a direct result of the physical abuse inflicted upon Plaintiff, she suffered physical, emotional and pecuniary harms, she is physically deformed and she has largely been unable to make full use of her right arm.

39    That by reason of the aforesaid, Plaintiff has been damaged and she is entitled to awards of compensatory and punitive damages in amounts to be determined by the trier of fact; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

-6-

## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
## VIA AN ILLEGAL SEIZURE

40      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

41      Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the Defendants in that she was illegally seized.

42      Plaintiff was seized by Defendants Detective Avery, Detective DiMeglio and Sergeant Fiorello without probable cause or a reasonable suspicion she had committed or was about to commit a crime; Plaintiff did not consent to the seizure; Plaintiff was conscious of her seizure; and her seizure was not legally justified.

43      As a direct result of the seizure of Plaintiff, she suffered physical and emotional harms, and  she was otherwise harmed.

44      That by reason of the aforesaid, Plaintiff has been damaged and she is entitled to awards of compensatory and punitive damages in amounts to be determined by the trier of fact; and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK via
## BATTERY

45      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

46      By the actions described above, Plaintiff was without giving her consent, intentionally touched in a harmful and offensive manner and such unconsented, intentional, harmful

and offensive touching constitutes the tort of battery.

47      Defendant Detective Avery, who physically abused Plaintiff, had no legal justification in using any force, much less the unreasonable, excessive, prolonged and malicious force he used against her and in so doing, he committed a battery.

48      As a direct result of the physical abuse of Plaintiff, she suffered physical, emotional and pecuniary harms, she is physically deformed and she has largely been unable to make full use of her right arm.

49      That by reason of the aforesaid, Plaintiff has been damaged and she is entitled to an award of compensatory damages in an amount to be determined by the trier of fact.

<u>**AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
THE COMMON LAW OF THE STATE OF NEW YORK via
ASSAULT**</u>

50      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51      By the actions described above, Plaintiff was intentionally placed in apprehension of imminent harmful, offensive and unconsented contact which constitutes the tort of assault.

52      By reason of actions described above, Plaintiff suffered fear, anxiety and various emotional harms, she began treatment for posttraumatic stress disorder  and she was otherwise damaged.

53      That by reason of the aforesaid, Plaintiff has been damaged and she is entitled to an award of compensatory damages in an amount to be determined by the trier of fact.

**WHEREFORE**, Plaintiff JOANNE TSIATIS demands judgment against the Defendants:

(a) an award of compensatory and punitive damages on her federal causes of action and of compensatory damages on her state causes of action in amounts to be determined at trial;

(b) a declaratory judgment that her rights have been violated pursuant to state and federal law; and

(c) an award of reasonable attorney's fees, as well as the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
　　　 March 24, 2015

　　　　　　　　　　　　　　　　　　　　　／ s ／
　　　　　　　　　　　　　　　　　　　FRED LICHTMACHER (FL-5341)
　　　　　　　　　　　　　　　　　　　The Law Office of Fred Lichtmacher P.C.
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　2 Wall Street 10th Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10005
　　　　　　　　　　　　　　　　　　　(212) 922-9066

　　　　　　　　　　　　　　　　　　　　　／ s ／
　　　　　　　　　　　　　　　　　　　Steven T. Halperin, Esq. (STH-8723)
　　　　　　　　　　　　　　　　　　　HALPERIN & HALPERIN, P.C.
　　　　　　　　　　　　　　　　　　　Co-Counsel for Plaintiff
　　　　　　　　　　　　　　　　　　　JOANNE TSIATIS
　　　　　　　　　　　　　　　　　　　Office & P.O. Address
　　　　　　　　　　　　　　　　　　　18 East 48th Street
　　　　　　　　　　　　　　　　　　　New York, New York  10017
　　　　　　　　　　　　　　　　　　　(212) 935-2600

To:　　Melanie Mary Speight

New York City Law Department
100 Church Street
New York, NY 10007
(212)-356-2425
Fax: (212)-788-9776
mspeight@law.nyc.gov